| | |
|---|---|
| 1 | KEVIN V. RYAN (CSBN 118321)<br>United States Attorney |
| 2 | |
| 3 | EUMI L. CHOI (WVBN 0722)<br>Chief, Criminal Division |
| 4 | ANDREW M. SCOBLE (CSBN 124940)<br>Assistant United States Attorney |
| 5 | |
| 6 | 450 Golden Gate Ave.<br>San Francisco, California  94102<br>Telephone:  (415) 436-7249 |
| 7 | Fax:  (415) 436-7234 |
| 8 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>  v.<br>ENRIQUE CHAN,<br>RICHARD WONG,<br>BARTHOLOMEW JOSEPH ALEXIS,<br>SERGIO ALVAREZ,<br>ASA LEE BARNLA,<br>JAY CHEN,<br>MINHO THOMAS CHO,<br>FAISAL MANSOOR ALY GOWANI,<br>CHI DUC HAC,<br>DARRICK CURTISS HOM,<br>DAVID LEE,<br>GENARO VALENTINE LOPEZ,<br>BRIAN HENG LUN LY,<br>ROSELIA PUGA MENDOZA,<br>PHUNG VAN NGUYEN,<br>THY QUANG NGUYEN,<br>EDWARD WOOK SUNG PARK,<br>IRIS LAI HUNG TAM,<br>EDWIN GORDON TOY,<br>PHAT VAN VUONG, and<br>VINCE MING WAN,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No.:  CR 05-0375 SI<br><br>[PROPOSED] ORDER<br>EXCLUDING TIME FROM<br><u>SPEEDY TRIAL ACT COMPUTATION</u> |

1   All defendants currently before the Court – with the exception of Asa Lee Barnla and Thy
2   Quang Nguyen, whose appearances had previously been waived; and of Minho Thomas Cho,
3   who was absent but whose attorney appeared on his behalf – appeared before the Court on
4   October 14, 2005 at 11:00 a.m.  The remaining two defendants, Bartholomew Joseph Alexis and
5   Phung Van Nguyen, have never been arrested on the June 2005 warrants, and are still being
6   sought by the government as fugitives.
7   At the October 14, 2005 hearing, the parties jointly requested a continuance of this case
8   until January 20, 2006 at 11:00 a.m.  At that next appearance, the parties will be expected to set a
9   motions hearing and briefing schedule, and possibly also set the case for trial.  Also at that
10  hearing, the Court will hear argument on defendant Edward Park's motion to dismiss the
11  indictment, on grounds challenging the scheduling of marijuana as a Schedule I controlled
12  substance.  The government's opposition to that motion is due on or before November 18, 2005;
13  defendant's reply, if any, is due on or before December 2, 2005.
14  The parties agreed in open Court, with their attorneys' concurrence (including defendant
15  Cho's attorney, who had discussed a Speedy Trial Act exclusion with his client), that the case
16  should be declared factually complex, from its inception through and including the date of
17  January 20, 2006.  The parties further agreed that the current finding of complexity should extend
18  only through January 20, 2006, and may be revisited at the hearing on that date.  The parties
19  represented that the underlying investigation involves a wiretap as well as a large number of
20  search warrants and investigations involving multiple local and federal law enforcement
21  agencies; that the volume of discovery already produced or in the process of being produced
22  includes more than 15,000 pages and dozens of CD-ROMs and DVDs; and that the case involves
23  twenty-one defendants.  Accordingly, the parties agreed, the entire period from the inception of
24  this case through and including January 20, 2006, should be excluded from the otherwise
25  applicable Speedy Trial Act computation, because the factual complexity renders it unreasonable
26  to expect adequate preparation for pretrial proceedings and for the trial within the otherwise
27  applicable time limits set forth in the Speedy Trial Act.
28  Based upon the above-described representations and the parties' agreement in open

ORDER EXCLUDING TIME
[CR 05-0375 SI]                            2

1  Court, THE COURT FINDS THAT the ends of justice served by granting a continuance from the
2  inception of this case through and including January 20, 2006 outweigh the best interest of the
3  public and the defendants in a speedy trial, and that the case is so factually complex, due to the
4  number of defendants and the nature of the prosecution (including the volume and range of
5  discovery, and the nature of the underlying investigation), that it is unreasonable to expect
6  adequate preparation for pretrial proceedings and for the trial within the otherwise applicable
7  time limits set forth in the Speedy Trial Act, within the meaning of 18 U.S.C. § 3161(h)(8)(A) &
8  (B)(ii).
9        Accordingly, THE COURT ORDERS THAT:
10     1.    This case is continued to January 20, 2006 at 11:00 a.m. for further status
11 and setting of motions and possibly of trial, and for hearing on defendant Park's motion to
12 dismiss the indictment on grounds challenging the scheduling of marijuana as a Schedule I
13 controlled substance. The government's opposition is due on or before November 18, 2005, and
14 the defendant's reply, if any, is due on or before December 2, 2005.
15     2.    The period from the inception of this case through and including January
16 20, 2006 is excluded from the otherwise applicable Speedy Trial Act computation, pursuant to 18
17 U.S.C. § 3161(h)(8)(A) & (B)(ii).
18     IT IS SO ORDERED.
19
20
21 DATED:



HON. SUSAN ILLSTON
United States District Judge

ORDER EXCLUDING TIME
[CR 05-0375 SI]    3