IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 05-375 SI |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS FILED BY DEFENDANTS LEE, HOM AND WONG** |
| v. | |
| ENRIQUE CHAN, et al., | |
| Defendants. | |

On October 27, 2006, the Court heard oral argument on the motions to dismiss filed by defendants David Lee, Darrick Curtis Hom and Richard Wong. After careful consideration of the parties' papers and the arguments of counsel, the Court hereby DENIES the motion.

**DISCUSSION**

**1.   Ex post facto**

Defendants Hom, Lee and Wong move to dismiss the second superseding indictment on *ex post facto* grounds.[1] Defendants contend that the indictment seeks to punish them for conduct that was legal under state law pursuant to California's Compassionate Use Act ("CUA"), Cal. Health & Safety Code §§ 11362.765 and 11362.77, and legal under federal law during the approximately year and a half period during which the Ninth Circuit's decision in *Raich v. Ashcroft*, 352 F.3d 1222 (9th Cir. 2003), was good law.[2] Defendants argue that until the Supreme Court issued its decision in *Raich*, they reasonably relied

---

[1] Various co-defendants have joined the motions.

[2] The Ninth Circuit issued its decision in *Raich* on December 16, 2003, and the Supreme Court reversed on June 6, 2005, *Gonzales v. Raich*, 541 U.S. 1 (2005).

on both the CUA and the Ninth Circuit's decision in *Raich* to believe that their conduct was legal.

In *Bouie v. City of Columbia*, the Supreme Court explained an ex post facto violation as follows,

> [A]n unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law . . . . An ex post facto law has been defined by this Court as one "that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action," or "that aggravates a crime, or makes it greater than it was, when committed."

*Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964) (internal citation omitted). However, "[d]ue process bars retroactive application of a judicial expansion of a law only if the change in the law is unforeseeable." *United States v. Qualls*, 172 F.3d 1136, 1139 n.1 (9th Cir. 1999) (en banc). Thus, to find an ex post facto violation, the Court must conclude that (1) defendants' conduct "was innocent when done," and (2) the Supreme Court's decision in *Raich* was an "unforeseeable judicial enlargement of a criminal statute."

Defendants' motions fail on both points. First, as a factual matter, defendants have not submitted any evidence to show that their conduct was legal under the Compassionate Use Act. That act decriminalizes cultivation and possession of marijuana for the personal medical uses of a patient. *See* Cal. Health & Safety Code § 11362.77 ("A qualified patient or primary caregiver may possess no more than eight ounces of dried marijuana per qualified patient. In addition, a qualified patient or primary caregiver may also maintain no more than six mature or 12 immature marijuana plans per qualified patient."). Defendants have not submitted any evidence that they are "qualified patients" or "primary caregivers" under the Compassionate Use Act. Instead, they simply assert that state law "permitted the growing of marijuana for medicinal purposes," and that they "were growing marijuana for use as medicine at a legal medicinal marijuana dispensary." Hom/Lee Motion at 4; *see also* Wong Motion at 1. However, courts have repeatedly rejected the contention that the Compassionate Use Act authorizes cultivation by commercial enterprises or distribution of marijuana through cooperatives or dispensaries. As the court in *People v. Urziceanu*, 132 Cal. App. 4th 747 (2005), held:

> The Compassionate Use Act was drawn narrowly to apply to a patient and his or her primary caregiver. It affords a limited defense to the patient and the primary caregiver to grow and utilize marijuana under certain specified conditions. A cooperative where two people grow, stockpile, and distribute marijuana to hundreds of qualified patients or their primary caregivers, while receiving reimbursement for these expenses, does not fall within the scope of the language of the Compassionate Use Act or the cases that construe it.

2

*Id.* at 773; *see also id.* at 769-73 (reviewing cases which all reject attempts to broaden CUA's immunity for cultivation of marijuana beyond "patients" and "caregivers"). As such, defendants have failed to show that they engaged in conduct that was legal under the CUA.[3]

Second, defendants have failed to establish that the Supreme Court's reversal in *Raich* amounted to an "unforeseeable judicial enlargement" of any criminal statute as applied to them. Because defendants have not shown that they engaged in conduct immunized by the CUA, the Court finds unpersuasive defendants' assertion that they relied on the Ninth Circuit's decision in *Raich* to believe that their conduct was legal. In contrast to the facts of *Raich*,[4] defendants in this case are charged with conspiring to cultivate one thousand or more marijuana plants, with cultivating and possessing with intent to distribute marijuana, with maintaining a place for cultivating and distributing marijuana, and with conspiracy to engage in money laundering.[5] All of the charged conduct has long been unambiguously criminalized by federal law, and such conduct was not affected by either the Ninth Circuit or Supreme Court decisions in *Raich*. *Cf. Bouie*, 378 U.S. 347 (1964) (finding ex post facto violation in 1960 trespass conviction when based on 1961 judicial construction of trespass statute); *see also United States v. Fernandez*, 388 F.3d 1199, 1219 (9th Cir. 2004) (construing Ninth Circuit's decision in *Raich* as "holding that the CSA may be unconstitutional as applied to the intrastate, noncommercial cultivation, possession and use of marijuana for personal medical purposes on the advice of a physician").

*United States v. Real Property Located at 11550 Mushroom Trail, Grass Valley, Nevada County,*

---

[3] Defendants rely on the Affidavit of Special Agent Christopher Fay as evidence that they were growing marijuana in accordance with the CUA. However, nothing in the Fay affidavit establishes that defendants were "patients" or "caregivers" under the CUA. Similarly, Wong's reliance on *People v. Mentch*, ___ Cal. Rptr. 3d ___, 2006 WL 2965289 (Cal. App. Oct. 18, 2006), is unavailing because *Mentch* concerned a defendant who contended that he was a "primary caregiver" under the CUA.

[4] *Raich* involved two patients who used marijuana medicinally. One patient grew her own marijuana in compliance with the Compassionate Use Act, and the other patient received free marijuana from two caregivers who grew marijuana for her. *Raich*, 352 F.3d at 1225-26. The Ninth Circuit defined the class of activities at issue in *Raich* as "the intrastate, noncommercial cultivation, possession and use of marijuana for personal medical purposes on the advice of a physician and in accordance with state law." *Id.* at 1229.

[5] Defendant Wong is also charged with conspiracy to possess with intent to distribute MDMA ("ecstasy") in violation of 21 U.S.C. § 846. *See* Second Superseding Indictment, Count 28.

3

*California*, No. Civ. S-04-2470 LKK/KJM (E.D. Cal.), is distinguishable. In that forfeiture action, the claimant admitted that marijuana was grown on the subject property between June and September 2004, a time during which the Ninth Circuit's decision in *Raich* was in effect. The court denied the government's motion for summary judgment on the ground that there was a dispute over whether the marijuana grown on the property was grown in compliance with the Compassionate Use Act. *Id.* at 10. Here, as discussed *supra*, there has been no showing to even suggest that the conduct charged complied with the CUA. Moreover, unlike the conduct in the forfeiture case, much of the conduct charged in the second superseding indictment precedes the Ninth Circuit's decision in *Raich*, or post-dates the Supreme Court's reversal, or both. *See, e.g.,* Second Superseding Indictment Count 1 (September 2000-June 22, 2005); Count 7 (February 1, 2001-October 28, 2003); Counts 10, 11 (April 15, 2002-June 22, 2005); Counts 12, 13 (April 18, 2003-October 8, 2003); Count 16 (August 1, 2003-June 11, 2005); Count 27 (September 2000-June 22, 2005).[6]

## 2.     **Due Process and Tenth Amendment**

Defendant Wong also contends that, by criminalizing Wong's conduct the government has violated Wong's fundamental rights to "life" and "liberty." "A citizen has the freedom to decide to have cultivated the only physician-recommended medication that can preserve his bodily integrity by enabling him to avoid unnecessary pain." Wong Motion at 9. Wong argues that there is a significant body of medical opinion supporting a citizen's right to cultivate and medically use cannabis, and that "the undisputed evidence shows that cannabis will enable a citizen to avoid unnecessary pain and suffering." *Id.* at 19. Separately, Wong raises a Tenth Amendment claim arguing that the federal government threatens to apply the Controlled Substances Act in a manner that would thwart California's attempt to protect the health of its citizens, which is at the core of its traditional police powers.

In his reply, defendant Wong acknowledges that these precise contentions are currently pending

---

[6] Counts 17 and 18 in the second superseding indictment charge conduct that allegedly occurred wholly within the time period that the Ninth Circuit's decision in *Raich* was good law. However, as discussed *supra*, defendants have not made any showing that the conduct with which they are charged in these two counts – cultivating and possessing with intent to distribute 1,000 or more marijuana plants – was legal under the CUA.

4

before the Ninth Circuit Court of Appeals on remand in *Raich*, No. 03-15481. Wong requests that the Court defer ruling on Wong's contentions until after the Ninth Circuit issues a decision. However, the Court finds Wong's arguments unpersuasive under current law and therefore DENIES his motion to dismiss, without prejudice to Wong renewing the due process and Tenth Amendment contentions in the event the Ninth Circuit's decision makes it appropriate to do so.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES defendants' motions. (Docket No. 425, 427, 445, 448, 450, 482, 485, 489, 490, 497, and 553).

**IT IS SO ORDERED.**

Dated: October 30, 2006

SUSAN ILLSTON
United States District Judge