United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID LEE, et al.,

Defendants.

______________________________________/

No. C 05-0375 SI

**ORDER DENYING DEFENDANT LEE'S MOTION TO SUPPRESS EVIDENCE**

On October 27, 2006, the Court heard oral argument on defendant David Lee's motion to suppress evidence seized from 78 Shotwell Street, San Francisco, California. Having carefully considered the parties' papers, and for the reasons set forth below, the Court hereby DENIES defendant's motion to suppress.

## BACKGROUND

### 1. Procedural Background

The San Francisco District Attorney filed a complaint on December 5, 2003, charging defendants David Lee and Chi Hac with willfully and unlawfully planting, cultivating, harvesting, drying, and processing marijuana. Defendants Lee and Hac moved to suppress certain evidence on the ground that the government failed to show that exigent circumstances justified a warrantless search and seizure. The Superior Court[1] granted defendants' motion to suppress the evidence and the District Attorney

[1] Defendant provided this Court with the minutes from Superior Court of San Francisco, dated September 14, 2004. The minutes indicate that the defendants' motion to suppress evidence was granted and the District Attorney subsequently moved to dismiss the case. *See* Defendant's Motion, Ex. D.

United States District Court
For the Northern District of California

subsequently dismissed the complaint.[2] Chi Hac is a co-defendant in the instant action but did not join defendant Lee's motion to suppress before this Court.

**2. Factual Background**

This prosecution is the result of several years of disparate state investigations followed by more than a year of a DEA-led investigation. The instant motion to suppress relates to the search and seizure of property at 78 Shotwell Street in San Francisco.[3] At approximately 10:01 p.m. on October 8, 2003, the San Francisco Fire Department ("SFFD") and the San Francisco Police Department ("SFPD") responded to a fire at a warehouse. *See* Declaration of Bruce Fine ("Fine Decl.") at ¶¶ 3-4; Declaration of Cristina Franco ("Franco Decl."), ¶ 3. The SFFD requested police assistance because they believed the warehouse to be a drug lab. *See* Declaration of Wesley Villaruel ("Villaruel Decl."), ¶ 3. Officers Greiner and Villaruel were among the first police officers to arrive at the warehouse. *Id.*

Firefighter Bruce Fine arrived on scene and observed dark smoke coming out of the eves of the building. Fine Decl. at ¶ 5. When Fine initially entered the building, he could only see a glowing light source at the top of the ceiling. *Id.* at ¶ 8. He realized that plastic was burning and giving off fire and smoke. *Id.* Fine, along with other firefighters, proceeded to extinguish the fire. *Id.* After the fire was extinguished, the firefighters opened a metal "roll-up" door to the warehouse. *Id.* at ¶ 9. After the door opened, the smoke in the room cleared and Fine was able to see that there were marijuana plants in the room. *Id.*

When Officer Villaruel of the SFPD arrived on scene around 10:00 p.m., he could smell marijuana approximately 50-100 feet from the warehouse. *See* Villaruel Decl. at ¶ 5. The SFFD advised Officer Villaruel that the fire had been extinguished and that marijuana plants were discovered inside the warehouse. *Id.* at ¶ 7. Officer Villaruel then requested that other police officers respond to assist

[2] The District Attorney did not argue in its opposition that defendant David Lee lacked standing to challenge the reasonableness of the search and seizure. *See id.*, Ex. A.

[3] Defendant did not submit any affidavits or declarations in support of his motion to suppress; therefore, the following facts are drawn from declarations attached to the government's opposition to the motion to suppress.

in establishing a crime scene. *Id.* The SFPD Officers Cristina Franco and Joe Salizer arrived at the warehouse at approximately 10:18 p.m.. *See* Franco Decl., ¶ 6. Officer Franco determined that there were 273 marijuana plants. *Id.* at ¶ 12.

Fire investigators arrived on scene at approximately 10:15 p.m. *See* Declaration of Greg Owyang ("Owyang Decl."), ¶ 5. Fire investigators determined the cause of the fire was the result of accidental contact between the plastic sheets and the heat lamps. *Id.* As part of the investigation, the firefighters took sixteen photographs of the interior and exterior of the warehouse. *Id.* at ¶ 13.

Inspector Martinovich, the "on-call" Narcotics Inspector, arrived on scene and took control of the investigation. *See* David Martinovich ("Martinovich Decl."), ¶ 4. He directed officers not to remove any items before the Crime Scene Investigation Unit ("CSI Unit") took photographs. *Id.* at ¶ 8. Inspector Martinovich instructed Officer Villaruel and officers from the CSI Unit to take photographs when they arrived. *Id.* at ¶ 9. The officers did not have a warrant to take the photographs.

After the CSI Unit took photographs, several officers assisted Inspector Martinovich in seizing the marijuana, some growing equipment, mail, and "other indicia from inside the warehouse." *Id.* at ¶ 9. The items seized included a utility bill in the name of co-defendant Chi Hac. *Id.* Two days later, Officer Neeson informed Inspector Martinovich that the building was rented to co-defendant Chi Hac. *Id.* at ¶ 10.

**LEGAL STANDARD**

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend. IV. When a search or seizure is conducted without a warrant, the government must establish, by a preponderance of the evidence, that it did not violate the Fourth Amendment. *See United States v. Valencia*, 24 F.3d 1106, 1108 (9th Cir. 1994). Evidence resulting from an unconstitutional search or seizure cannot be admitted as proof against the victim of the search, and therefore must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 485 (1963).

United States District Court
For the Northern District of California

**DISCUSSION**

Defendant Lee moves this Court to suppress property seized, including marijuana, equipment used to grow marijuana, and the photographs taken by the SFFD and SFPD at 78 Shotwell Street.[4] Defendant argues these items were seized pursuant to a warrantless search and the government has failed to demonstrate that exigent circumstances justified the warrantless search. The government contends that defendant lacks standing to challenge the search because defendant has failed to present any evidence to this Court indicating that he had a reasonable expectation of privacy in the warehouse. The government further argues that even if defendant has standing, the warrantless seizure of the property was reasonable because the firefighters entered the warehouse pursuant to exigent circumstances, and once lawfully inside, saw the marijuana within plain view.

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e ., one which has 'a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" *Minnesota v. Carter,* 525 U.S. 83, 88 (1998) (quoting *Rakas v. Illinois*, 439 U.S. 128, 143-44, n.12 (1978)). A possessory interest in the item seized is not sufficient to give standing to challenge the search. *See United States v. Zermeno*, 66 F.3d 1058, 1061 (9th Cir. 1995). Defendant bears the burden of establishing that the search or seizure violated a reasonable expectation of privacy. *See United States v. Silva*, 247 F.3d 1051, 1055 (9th Cir. 2001).

Based upon the record before the Court, the Court concludes that defendant Lee lacks standing to challenge the search of 78 Shotwell Street. Defendant's papers do not address standing, and defendant has not submitted any evidence showing he had a reasonable expectation of privacy in 78 Shotwell Street.[5] In contrast, the government has submitted documents showing defendant was neither the owner nor a tenant of the warehouse . *See* Commercial Lease Agreement, attached at Gov. Opp, Ex.

---

[4] Defendant moves to suppress "all property seized from the premises." Motion at 2:23. The Court assumes that defendant moves to suppress the photographs taken at the scene as well.

[5] At the hearing the Court granted defendant the opportunity to submit supplemental papers on the standing issue; defendant did not file any supplemental papers.

A. The lease agreement for 78 Shotwell Street was entered into by Chi Hac. *Id.* The addendum to the lease agreement further indicates that Chi Hac is the intended business owner and lessee in the transaction to rent the commercial property at 78 Shotwell Street. *Id.* Accordingly, the Court concludes that defendant has failed to meet his burden to show that he had a reasonable expectation of privacy in the location searched. *See Zermeno*, 66 F.3d at 1061-62; *see also Silva*, 247 F.3d at 1056 (no standing to challenge search of commercial shed when "[t]here is no evidence that any Defendant was in the shed for more than a few hours or was there for any activity other than the purely commercial activity of manufacturing drugs.").[6] Accordingly, the Court DENIES defendant's motion to suppress.

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to suppress. (Docket No. 475)

**IT IS SO ORDERED.**

Dated: November 8, 2006

Susan Illston
SUSAN ILLSTON
United States District Judge

[6] Because the Court finds defendant lacks standing, the Court does not reach the issue of whether the search was justified by exigent circumstances.